**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-31334
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JULIO SERRANO,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
97-CR-161-ALL-S

October 6, 1998

Before WISDOM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Julio Serrano appeals his conviction following a jury trial for violation of 8 U.S.C. 1326: the attempted illegal reentry of a deported alien. Serrano's sole contention on appeal is that the district court abused its discretion in allowing the Government to introduce evidence of several prior illegal entries Serrano made into the United States over the course of his adult life. We affirm.

Serrano is a citizen of the Dominican Republic who was arrested as a stowaway on a ship bound from San Domingo to the United States. When Serrano was first discovered hidden aboard the ship, he immediately admitted to the captain that he had stowed away in an effort to get to the United States. As the ship progressed toward America, Serrano also asked at least one member of the crew for assistance in becoming a crew-member himself, and going to work on the ship. At trial

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the defense contended that these efforts at gaining employment aboard the ship created reasonable doubt as to whether Serrano intended to enter the United States, or whether he intended to continue with the ship to future ports of call.

Upon pretrial motion by the Government, the district judge ruled that evidence of Serrano's having attempted to enter the United States illegally several times over the preceding fifteen to twenty years was admissible under Rule 404B of the Federal Rules of Evidence. Rule 404B prohibits the introduction of evidence of other "bad acts" of the defendant, if such evidence is introduced to show the bad character of the accused. Rule 404B also outlines numerous exceptions allowing evidence of prior bad acts, depending upon motive, knowledge, absence of mistake, and intent.

The Government contended, and the district court agreed, that evidence of prior illegal entries by the defendant was relevant to the issues of intent and mistake. The district judge held that evidence Serrano had attempted to illegally enter the United States before, at times as a stowaway, was relevant to show his intent to illegally enter again. This same holding would apply to a contention that Serrano had "mistakenly" ended up aboard a ship for bound for America.

The appellant now concedes that it may have been proper for the district court to admit evidence of one prior attempt at illegal entry by the defendant. The appellant's only contention on appeal is that the introduction of evidence of Serrano's repeated efforts to enter the United States went beyond proof of intent, and became, instead, proof of bad character.

We apply a two prong test to determine if evidence is admissible under Rule 404B. First, we determine if the evidence is relevant to an issue other than the defendant's character. Second, we determine whether the unduly prejudicial effect of introducing such evidence would substantially outweigh any probative value the evidence might have.[2]

In this case, it is undisputed that the evidence is relevant to the issue of intent. We must only determine if the introduction of so much relevant evidence had a cumulatively prejudicial effect,

---

[2] United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978)(en banc) cert denied 440 U.S. 920 (1979).

substantially outweighing the probative value of the evidence. We hold that it did not. With the issue of intent being the sole focus of the trial, the trial judge did not abuse his discretion in allowing the introduction of evidence showing the defendant's repeated efforts to commit the same crime. The fact that certain of these acts were committed almost twenty years ago may have been weighed by the judge in making his decision, but in this matter we find no abuse of discretion based on either the number of incidents or the passage of time.[3]

For these reasons, the judgment of the district court is AFFIRMED.

---

[3] United States v. Chavez, 119 F.3d 342 (5th Cir. 1997)